[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISSOLVE PREJUDGMENT REMEDY
The defendant, Magic Video, Inc., has moved this Court to dissolve the prejudgment remedy which was issued on behalf of the plaintiffs, Machelle, Herman and Janice Neiditz, by their attorney, on April 12, 1994. As grounds for this Motion, the defendant claims, inter alia, that the prejudgment remedy in question was unlawfully issued because the sworn affidavit filed in support thereof failed to comply with the mandatory requirements of General statutes § 52-278f.
The defendant claims, more specifically, that the affidavit in question was deficient because it did not set forth CT Page 11783
 a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in th[is] matter in favor of the plaintiff[.]
Id. Instead, it argues, the plaintiffs' affidavit totally ignored the possible existence of any defenses, counterclaims or setoffs which the defendant might have interposed to defeat or diminish the plaintiffs' claims for relief, instead restricting itself inappropriately to facts which, in the language of the pre-existing version of Section 52-278f, tended "to show that there is probable cause to sustain the validity of the plaintiff[s'] claim[.]"
The plaintiff responds to this argument by admitting, in the first instance, that her original affidavit was deficient for the very reason stated by the defendant, to wit: it failed utterly to take into account any possible defenses, counterclaims or setoffs which the defendant might have interposed to defeat or diminish their likely recovery, in this case. They argue, however, that the defendant's Motion to Dissolve should nonetheless be denied, for within thirty days of the return date herein, they filed with this Court an amended complaint and an amended affidavit wherein the above-noted defect was cured. Because, the plaintiffs argue, these amendments were made not later than thirty days of the return date, they were made as of right, and are effective as of the date on which the original writ, summons and complaint were served.
As amended by Public Act 93-431, which became law on January 1, 1994, Section 52-278f provides in relevant part as follows:
 In an action upon a commercial transaction, . . . wherein the defendant has waived his right to a notice and hearing under Sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant settingCT Page 11784 forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment sought, taking into account any known defenses counterclaims or set offs, will be rendered in the matter in favor of the plaintiff; and (3) the plaintiff shall include in the process served on the defendant satisfying the requirements of Subsections (6) and (c) of Section 52-278e, as amended by Section 3 of [Public Act 93-431].
(Emphasis supplied). So written, the current version of Section 52-278f is materially different from its predecessor in one important respect: Whereas the former version of Section 52-278f authorized the issuance of a prejudgment remedy based upon "an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause to sustain the validity of the plaintiff's claim," the current version of that statute requires that the plaintiff's supporting affidavit set forth a "statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in the matter in favor the plaintiff[.]" Id.
The significance of this difference is apparent. Whereas the former version of the statute permitted the imposition ofex parte attachments upon the property and assets of commercial defendants in the full amount of the plaintiff's underlying claims, the current version more fairly and realistically limits the amount of any such attachment to that which the plaintiff can show himself likely to recover when proper consideration is also given to all defenses, counterclaims and setoffs which the defendant is likely to interpose. By requiring that a plaintiff seeking to issue anyex parte prejudgment remedy file an affidavit which expressly takes account of any known defense, counterclaim or setoff which the defendant may have available to him, the General Assembly plainly intended to ensure that a proper balance be struck between the needs of commercial plaintiffs to protect their ability to recover their just debts and the needs of commercial defendants to have continuing access to and freedom CT Page 11785 to use and dispose of that portion of their property and assets which need not be encumbered to ensure that their own just debt will be paid.
Against this background, it is apparent that the original prejudgment remedy issued by counsel in this case was defective. As conceded by the plaintiffs, the affidavit filed in support of it failed utterly to take account of any possible defenses, counterclaims or setoffs which the defendant might have, and thus which might substantially reduce the legitimate amount of any encumbrance upon the defendant's property or assets.
Even so, within thirty days of the return date herein, the plaintiffs filed with this Court an amended complaint and an amended affidavit wherein the affiant averred no knowledge of any defenses, counterclaims or setoffs which might be available to defeat or diminish the amount of their claim. The question here presented is therefore whether or not such amended filings cured any defect in the plaintiffs' original prejudgment remedy for the purpose of this Motion. For the following reasons, the Court concludes that it did.
The central concern of the Court on a motion to dissolve a prejudgment remedy is whether or not the continuation of the remedy as an encumbrance upon the defendant's property will unjustly deprive him of the use of that property to a greater degree than is reasonably justified in view of the substantive basis for its issuance and the process by which that was done.
In this case, however, the original prejudgment remedy, though inadequately supported by a defective affidavit, was remedied by the provision of a proper, complete affidavit before the case ever came before the Court for an initial hearing on the Motion to Dissolve. Hence, though the Court joins all counsel in their unanimous conclusion that the initial PJR was defective, it is satisfied that the timely filed amended complaint and affidavit are sufficient to justify the continuing encumbrance upon defendant's property which it supports. Stated differently, though the initial deprivation of property which the issuance of the original prejudgment remedy effected was unlawful and unjustified, the continuing deprivation of property after the filing of the amended complaint and affidavit was and is entirely lawful and justified. For that reason, the Court concludes that the CT Page 11786 defendant's Motion to Dissolve on the ground of a defective supporting affidavit must be denied.
The defendant also urges this Court to order the dissolution of the pending prejudgment remedy on grounds that the application for prejudgment remedy and accompanying Summons and Complaint, dated April, 12, 1994, contain no direction to the sheriff to garnish either Manchester State Bank or Union Trust; that the writs of garnishment dated April 20, 1994 contain no direction that service of the writ be made on the defendant; and that the writs of garnishment contain no notice and claim form as required by General Statutes § 52-278f, as amended by Public Act 93-431.[1] For the following reasons, the Court disagrees.
The Application for Prejudgment Remedy dated April 12, 1984 explicitly states that there is probable cause that a judgment will enter and that to secure such judgment the plaintiffs will seek garnishment of Union Trust and Manchester state Bank. The Summons and Complaint dated April 12, 1984, moreover, directs the sheriff to attach the goods or estate of the defendant in the hands of Union Trust and Manchester state Bank and to summon the proposed garnishees to appear before the Court and disclose whether either of them has concealed in its hands the monies, effects or goods of the defendant. The plaintiffs, therefore, properly directed the sheriff to garnish both Union Trust and Manchester State Bank.
The writs of garnishment dated April 20, 1994 were not defective for the reasons advanced by the defendant. By making these claims, the defendant is attempting to graft the requirements of General statutes § 52-278f onto the process of serving a writ of garnishment. Section 52-278f requires the inclusion of an affidavit and notice pursuant to Section 52-278e
(b) when the plaintiff issues a writ for prejudgment remedy. The process which must be served under Section 57-278f is the institution of the action and original writ for prejudgment attachment. Neither the foreign attachment statutes nor the prejudgment remedy statutes require the inclusion of an affidavit or notice for writs of garnishment or attachment served after the issuance of the original writ for prejudgment attachment.
The writs of garnishment dated April 20, 1994 state that they are being issued pursuant to Section 52-278f, contain the CT Page 11787 commercial waiver from Article XXVII of the Lease between the parties, and include a copy of the Lease. Such writs of garnishment provide adequate notice and are sufficient to garnish whatever funds were remaining in Manchester State Bank and Union Trust at the time they were served.
For all of the foregoing reasons, the defendant's Motion to Dissolve is hereby denied.
Michael R. Sheldon Judge